[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A motion to strike properly challenges the legal sufficiency of one or more counts of a complaint. Practice Book § 152;Novametrix Medical Group v. BOC, 224 Conn. 210, 214-15,618 A.2d 25 (1992). The allegations in the complaint must be CT Page 7916 construed in the light most favorable to the plaintiff. Id., 215. Where "it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant [is] not required to plead governmental immunity as a special defense and [may] attack the legal sufficiency of the complaint through a motion to strike." Brown v.Branford, 12 Conn. App. 106, 111 n. 3, 529 A.2d 743 (1987); see also Heigl v. Board of Education, 218 Conn. 1, 8-9,587 A.2d 423 (1991).
The defendants argue that they were engaged in discretionary governmental action which is not subject to liability. The plaintiff argues that Soto, Ferrer, and Sparks were performing ministerial duties and therefore the doctrine of governmental immunity does not apply. In addition, the plaintiff argues that the actions of the public officers fall under the exception to governmental immunity as the victim was identifiable and in imminent danger.
"[T]he great weight of authority [is] that the operation of a police department is a discretionary governmental function."Gordon v. Bridgeport Housing Authority, 208 Conn. 161,179, 544 A.2d 1185 (1988). "`[W]here the duty of the public official to act is not ministerial but instead involves the exercise of discretion, the negligent failure to act will not subject the public official to liability unless the duty to act is clear and unequivocal.'" (Citation omitted.) Id., 167. An exception to governmental immunity arises "where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm." Evon v. Andrews, 211 Conn. 501,505, 559 A.2d 1131 (1989). The facts regarding governmental immunity should go to a jury where there is "sufficient controversy over whether the defendant . . . owed a duty to the plaintiff's decedent and breached it." Sestito v.Groton, 178 Conn. 520, 528, 423 A.2d 165 (1979).
The plaintiff alleges the following: "On or about February 1, 1992, at about 12:25 a.m., Andrew Buonocore, 5 Swan Street, Waterbury, Connecticut, called the Waterbury Police Department and reported that a man located across the Mad River from Swan Street at an apartment complex was down at the Mad River yelling and screaming for about one half hour that he needed help. " "The man in distress was the Plaintiff's decedent, Harold Evon, Jr." CT Page 7917 On the face of the pleadings, the plaintiff has alleged facts sufficient to invoke the exception to governmental immunity that the public officers may have been aware of an identifiable victim who was in imminent danger. Therefore, the defendants' motion to strike is denied.
/s/ Sylvester, J. ------------------ SYLVESTER